NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID JESSEN; GRETCHEN JESSEN, | No. 19-15184 |
| Plaintiffs-Appellants, | D.C. No. 1:17-cv-00524-DAD-EPG |
| v. | |
| COUNTY OF FRESNO; CITY OF CLOVIS, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted March 2, 2020**
San Francisco, California

Before: SILER,*** WARDLAW, and M. SMITH, Circuit Judges.

Special Weapons and Tactics (SWAT) teams from the Fresno County

Sheriff's Office (FCSO) and the City of Clovis Police Department (CPD) used tear

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

gas to apprehend a homeless man who had broken into David and Gretchen Jessen's home, causing substantial damage to the Jessens' property. The Jessens sued Fresno County and the City of Clovis (Defendants) for negligence and for violations of their Fourth, Fifth, and Fourteenth Amendment rights under 42 U.S.C. § 1983. The district court granted Defendants' motions for summary judgment, and the Jessens now appeal. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not abuse its discretion in overruling the Jessens' evidentiary objections to the officer declarations submitted in support of summary judgment. The declarations were sworn statements that reflected the officers' personal knowledge and the evidence could have been presented in an admissible form at trial. *See* Fed. R. Civ. P. 56(c); *Fraser v. Goodale*, 342 F.3d 1032, 1036–37 (9th Cir. 2003).

2. The district court did not err in concluding that the Jessens failed to establish a triable issue as to whether a municipal policy, custom, or practice of either Defendant caused any constitutional violations, as required to establish municipal liability under 42 U.S.C. § 1983. "[M]unicipalities may be liable under § 1983 for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Horton by Horton v. City of Santa Maria*, 915 F.3d

2

592, 602–03 (9th Cir. 2019) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).  "[I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality."  *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997).  A plaintiff must also "show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link" between the municipal policy or custom and the deprivation of federal rights.  *Id.*

The record evidence shows that Defendants have a general policy of obtaining warrants prior to entry, of using reasonable force, and for the reasonable use of tear gas.  The Jessens failed to establish a triable issue that any of these policies caused any constitutional injuries, or that there was a "persistent and widespread" violation of these policies amounting to an unconstitutional custom or practice, *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).  The mere fact that Defendants authorized the operation and had policies relevant to the operation in place does not render Defendants liable for any and all constitutional violations committed during the operation at issue.  *See Brown*, 520 U.S. at 403.

To the extent the Jessens continue to argue that Defendants have a custom of turning simple operations into full-scale training operations, the district court properly found that the Jessens' evidence failed to create a genuine issue of fact.  *See Scott v. Harris*, 550 U.S. 372, 380 (2007) ("'[T]he requirement is that there be no *genuine* issue of *material* fact[;]'" the court will not adopt a version of the facts

3

that is "contradicted by the record, so that no reasonable jury could believe it."

(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986))).  The

district court did not improperly weigh the evidence in making this determination.

The Jessens also failed to establish a triable issue on their failure to train

theory.  The record evidence demonstrates that the FCSO and CPD received

training regarding barricaded subject incidents, and that they sometimes engaged in

joint training.  Even assuming, without deciding, that Defendants' training policies

are inadequate, there is no evidence that "the need for more or different training

[was] so obvious" that Defendants were deliberately indifferent to the Jessens'

rights.  *City of Canton v. Harris*, 489 U.S. 378, 390 (1989).

Finally, the Jessens failed to establish that either FCSO Lieutenant

Alexander or CPD Captain Gomez had final policymaking authority delegated to

them, as necessary to create a genuine issue under either a policymaker or

ratification theory of liability.  "[M]unicipal liability under § 1983 attaches where .

. . a deliberate choice to follow a course of action is made from among various

alternatives by the official or officials responsible for establishing final policy with

respect to the subject matter in question," *Pembauer v. City of Cincinnati*, 475 U.S.

469, 483 (1986) (plurality opinion), or where an official with final policymaking

authority "ratifies a subordinate's decision and the basis for it," *City of St. Louis v.*

*Praprotnik*, 485 U.S. 112, 127 (1988) .  Whether a particular official has final

4

policy-making authority is a question of state law. *Pembauer*, 475 U.S. at 483. Here, the Jessens contend that the Fresno County Sheriff and Clovis Chief of Police delegated policymaking authority to Alexander and Gomez without identifying any state law showing that either possesses final policymaking authority. In addition, the Jessens' evidence that Lieutenant Alexander led the operation and asked a sergeant to explain and justify each piece of property damage after the incident merely shows that Lieutenant Alexander exercised some discretion in his role as team leader. "The fact that a particular official . . . has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion." *Id.* at 481–82. And none of the evidence cited is relevant to whether Captain Gomez had final policymaking authority delegated to him.

Thus, the Jessens failed to establish a triable issue as to any theory of municipal liability. We therefore need not, and do not, decide whether a triable issue exists regarding any constitutional violations.

3. The district court did not err in concluding that the Defendants are immune from liability for negligence under *Conway v. County of Tuolumne*, 231 Cal. App. 4th 1005, 1016 (2014). Public entities like Defendants are immune from liability for negligence if the alleged injuries were caused by the officers' "discretionary acts." Cal. Gov't Code § 820.2; *id.* at § 815.2(b). In *Conway*, the

5

California Court of Appeal held that discretionary act immunity applies to the selection of the means to effectuate an arrest, including the decision to deploy a SWAT team in effectuating an arrest, and the subsequent decision to deploy tear gas. 231 Cal. App. 4th at 1016, 1018. The Jessens do not discuss *Conway*, let alone identify any distinguishing aspect of the officers' decision to deploy tear gas here. Under *Conway*, Defendants are immune from liability, and the district court properly granted summary judgment for Defendants on the Jessens' negligence claim.

**AFFIRMED.**